O

# United States District Court
# Central District of California

| | |
|---|---|
| KMS, LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>MAJOR LEAGUE TRUCKING, INC.,<br><br>                    Defendant. | Case № 2:22-cv-06245-ODW (MAAx)<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT [28] AND DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT [18]** |

## I.    INTRODUCTION AND BACKGROUND

On September 1, 2022, Plaintiff KMS, LLC filed this breach of contract action against Defendant Major League Trucking, Inc. ("Major League"). (Compl., ECF No. 1.) On September 7, 2022, KMS served Major League's registered agent with the Complaint. (Proof Service, ECF No. 10.) After Major League failed to appear or otherwise respond, KMS requested the Clerk's entry of default against Major League. (Appl. Default, ECF No. 14.) On September 29, 2022, the Clerk entered default against Major League. (Default, ECF No. 17.) On October 7, 2022, KMS moved for default judgment of possession or replevin of the subject cargo. (Mot. Default J., ECF No. 18; *see also* Order Re: Mot. Default J., ECF No. 20.) Major League now moves to set aside the entry of default against it. (Mot. Set Aside Default ("Motion" or "Mot."), ECF No. 28.) The Motion to Set Aside Default is fully briefed. (Opp'n,

ECF No. 33; Reply, ECF No. 39.)  Pursuant to an order from the Court, the parties submitted supplemental briefing on the issue of attorneys' fees.  (Min. Order Re: Att'y Fees, ECF No. 41; Decl. Steven W. Block Re: Att'y Fees ("Block Decl."), ECF No. 42; Resp. Re: Att'y Fees, ECF No. 43.)

For the following reasons, the Court **GRANTS** Major League's Motion to Set Aside Entry of Default and **DENIES AS MOOT** KMS's Motion for Default Judgment.[1]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(c) authorizes a court to "set aside the entry of default" for "good cause shown."  Fed. R. Civ. P. 55(c).  District courts consider the following three factors to determine whether there is good cause to set aside the entry of default: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."  *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  "Where timely relief is sought from a default . . . doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits."  *Mendoza v. Wight Vineyards Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (alteration in original).

## III.    DISCUSSION

As a preliminary matter, Major League's Reply is untimely.  *See* C.D. Cal. L.R. 7-10.  However, in light of the intervening holiday and Major League's change in counsel, (*see* Reply 2 n.1), the Court will consider the untimely reply.  The Court expects strict adherence to deadlines in all future filings.

Major League contends there is good cause to set aside the entry of default because: (1) setting aside Major League's default would not prejudice KMS;

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

(2) Major League has meritorious defenses; and (3) Major League's default was not willful, but the product of counsel's mistake. (Mot. 5–7; Reply 2–7.)

### A.     Prejudice

The Court first considers whether setting aside default will prejudice KMS. *See Brandt*, 653 F.3d at 1111. A plaintiff is prejudiced if "[its] ability to pursue [its] claim will be hindered." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). However, "[t]o be prejudicial, the setting aside of a [default] . . . must result in greater harm than simply delaying resolution of the case." *Id.* Here, Major League moved to set aside default less than three months after KMS initiated this case. (*See* Mot.; *see also* Compl.) Beyond this brief delay, the record does not reflect that Major League's default has caused any harm to KMS's ability to pursue its claims. Moreover, in its Opposition, KMS does not address this factor or otherwise identify how its claims would be hindered by vacating Major League's default. (*See generally* Opp'n.) Accordingly, this factor weighs in favor of setting aside entry of default.

### B.     Meritorious Defense

The second factor requires the Court to consider whether Major League raises meritorious defenses against KMS's breach of contract claims. *See Brandt*, 653 F.3d at 1111. The defendant bears the burden to "present specific facts that would constitute a defense." *TCI*, 244 F.3d at 700. However, "the burden . . . is not extraordinarily heavy," *id.*, and the defendant need only present "sufficient facts that, if true, would constitute a defense," *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010).

In its defense to KMS's claims, Major League argues that: (1) no contract exists between Major League and KMS, (2) Major League rightfully possessed the cargo pursuant to an agreement between Major League and KMS's freight broker and agent, and (3) Major League rightfully detained the cargo after KMS's freight broker and

agent failed to pay Major League for its carrier services. (*See* Mot. 6; *see also* Mot. Ex. 1 ("Proposed Answer"), ECF No. 28; Reply 5–6.) These specific facts, if true, would raise meritorious defenses to KMS's claims for breach of contract, conversion, replevin, and pre-judgment attachment. Thus, this factor weighs in favor of setting aside entry of default.

**C.    Culpability**

Third and finally, the Court considers whether Major League engaged in culpable conduct leading to the entry of default. *See Brandt*, 653 F.3d at 1111. Major League asserts that its former counsel inadvertently and mistakenly failed to properly schedule and file a responsive pleading to the Complaint and that the failure does not amount to culpable conduct. (Mot. 6; Reply 3–5.) KMS argues that Major League's failure to respond was "not merely a matter of calendaring a deadline," but that Major League's counsel disregarded multiple inquiries from KMS's counsel. (Opp'n 5, 7.)

A defendant "is culpable if [it] has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith." *Mesle*, 615 F.3d at 1092. Even a neglectful failure to answer is not necessarily culpable if the defendant "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI*, 244 F.3d at 697. Ultimately, a defendant's "careless failure to timely respond to a complaint does not rise to the level of intentional, culpable conduct unless other equitable factors weigh heavily against setting aside a default." *Whitaker v. GGET Larchmont LLC*, No. 2:19-cv-09411-DMG (JCx), 2020 WL 1972291, at *2 (C.D. Cal. Mar. 17, 2020) (citing *Mesle*, 615 F.3d at 1092).

Here, the Court acknowledges that Major League's explanation for its default—that its counsel mistakenly did not calendar the deadline for a responsive pleading—is not particularly detailed or compelling. However, there is no showing that Major League intentionally failed to answer or acted in bad faith to take advantage of KMS and the Court. Indeed, Major League immediately acted in retaining an attorney and requesting a meet and confer with KMS within a week of being served with the Complaint, indicating that Major League did not ignore the Complaint and was making good-faith efforts to participate in the lawsuit. (*See* Mot. 5; Opp'n 4–5.) Thus, this factor weighs in favor of setting aside the entry of default.

The Court finds that all three of the relevant factors weigh in favor of setting aside entry of default and, accordingly, there is good cause to set aside the entry of Major League's default. *See Brandt*, 653 F.3d at 1111.

### D. KMS's Request for Attorneys' Fees

In the Opposition, KMS argues that it should be awarded attorneys' fees and costs incurred "from the date of its complaint through preparation of this [opposition]." (Opp'n 7–8 (citing *St. Paul Fire & Marine Ins. Co. v. Virginia Sur. Co.*, No. 11-cv-1839-BTM (JMAx), 2013 WL 941795 (S.D. Cal. Mar. 11, 2013).) Major League does not respond to this request in its Reply. (*See generally* Reply.)

On February 13, 2023, the Court ordered KMS to submit a declaration setting forth the attorneys' fees and costs incurred to pursue a default and default judgment against Major League and to respond to the Motion. (Min. Order Re: Att'y Fees.) On February 21, 2023, KMS submitted a declaration from its counsel with a spreadsheet identifying attorneys' fees totaling $16,514. (Block Decl. ¶ 3.) On February 28, 2023, Major League responded, arguing that such fees are unreasonable and should be reduced to no more than $9,000. (Resp. Re: Att'y Fees 4.)

District courts may "condition setting aside a default upon" a defendant's reimbursement of attorneys' fees and costs. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546–47 (9th Cir. 1988). "By

conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." *Id.* at 1546.

Here, Major League's default, caused by its counsel's mis-calendaring of the deadline for a responsive pleading, created needless work for KMS in pursuing a default and default judgment, and then responding to Major League's Motion to Set Aside Entry of Default. Under these circumstances, the Court finds it appropriate to condition setting aside the entry of default on Major League's payment of KMS's reasonable attorneys' fees and costs incurred as a result of Major League's default.

Based on the Court's calculations, KMS seeks $16,514 in attorneys' fees for 34.8 hours of work completed by Steven Block of Lane Powell PC, counsel of record for KMS, and Angela Foster, an associate attorney at Lane Powell PC. (*See* Block Decl. ¶ 3, Ex. 1 ("Fees Spreadsheet"), ECF No. 42-1; *see also* Decl. Angela R. Foster ("Foster Decl."), ECF No. 18-4.) This breaks down to an average of about $475 per hour, which the Court understands to be a reasonable hourly rate for attorneys in the region. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (holding district court may rely on its own "knowledge of customary rates and [its] experience concerning reasonable and proper fees").

Although KMS submits a spreadsheet in support of its request, the spreadsheet is difficult to decipher. For example, some entries refer to an invoice number and reflect a time entry in the "Hours" column, but do not reflect an associated amount billed in the "Amount" column. KMS does not explain these entries. In addition, KMS does not provide the total number of hours worked or the billing rates for its attorneys, necessitating that the Court calculate these numbers while reviewing the spreadsheet. Further, although the Court was able to determine that Angela Foster is an associate attorney based on another declaration submitted to the Court, (*see* Foster Decl.), KMS failed to provide even that basic information in the instant filing concerning attorneys' fees. Finally, the Court notes that some line items appear to

reflect an unreasonably high number of hours for the tasks billed. To account for these shortcomings in the records submitted by KMS, the Court finds that a twenty percent reduction to the requested fee amount is warranted.

Accordingly, the Court grants Major League's Motion to Set Aside Entry of Default on the condition that Major League promptly reimburses KMS for its attorneys' fees in the amount of $13,211. The Court finds this amount of fees to be reasonable under the circumstances. *See Kensington Apartment Props., LLC v. Loanvest IX, L.P.*, No. 19-cv-05749-VC, 2021 WL 5370259, at *1 (N.D. Cal. Nov. 18, 2021) (conditionally granting motion to set aside default on payment of attorneys' fees and costs totaling $26,933); *see also St. Paul Fire & Marine Ins. Co. v. Virginia Sur. Co.*, No. 11-cv-1839-BTM (JMAx), 2013 WL 941795, at *2 (S.D. Cal. Mar. 11, 2013) (conditionally granting motion to set aside default on payment of attorneys' fees totaling $11,100 based on 60 hours of work).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Major League's Motion to Set Aside Entry of Default. (ECF No. 28.)  Major League shall pay KMS $13,211 in attorneys' fees and file, by no later than **March 31, 2023**, a notice with the Court indicating that it made the payment.  Failure to timely do so will lead to re-entry of Major League's default and possible further monetary sanctions.

The Court **DENIES AS MOOT** KMS's Motion for Default Judgment. (ECF No. 18.)

Major League shall respond to the Complaint by no later than **March 27, 2023**.

**IT IS SO ORDERED.**

March 6, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**