O

# United States District Court
# Central District of California

| | |
|---|---|
| KMS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MAJOR LEAGUE TRUCKING, INC.,<br><br>　　　　　　Defendant.<br><br>――――――――――――――――<br>MAJOR LEAGUE TRUCKING, INC.,<br><br>　　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>FORSLA, LLC,<br><br>　　　　　　Third-Party Defendant. | Case № 2:22-cv-06245-ODW (MAAx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [58]** |

## I.　　INTRODUCTION

KMS, LLC brings this action for breach of contract, conversion, replevin, and pre-judgment attachment against Major League Trucking, Inc. ("MLT").  (Compl. ¶¶ 12–27, ECF No. 1.)   KMS now moves for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c).  (Mot. Partial J. Pleadings

("Motion" or "Mot.") ECF No. 58.) For the following reasons, the Court **DENIES** the Motion.[1]

## II.  BACKGROUND[2]

KMS imports air conditioning equipment from China. (Compl. ¶ 1.) MLT is a motor carrier. (*Id.* ¶ 2.) Forsla, LLC is a freight broker. (Answer ¶ 6, ECF No. 46.) KMS alleges it entered into a contract with MLT in which MLT agreed to transport cargo for KMS consisting of six ocean shipping containers ("Cargo"). (Compl. ¶ 6.) MLT denies it entered into an agreement with KMS, but admits that it agreed to transport certain cargo through Forsla. (Answer ¶ 6.) KMS alleges that it has repeatedly demanded the return of these containers, which MLT denies. (Compl. ¶ 11; Answer ¶ 11.)

On September 1, 2022, KMS filed a complaint against MLT asserting causes of action for breach of contract, conversion, replevin, and pre-judgment attachment. (Compl. ¶¶ 12–27.) On March 24, 2023, MLT answered the Complaint and brought a third-party complaint against Forsla seeking indemnity. (*See generally* Answer; Third-Party Compl., ECF No. 47.) KMS now moves for partial judgment on the pleadings on its replevin cause of action. (Mot.) The Motion is fully briefed. (Opp'n, ECF No. 61; Reply, ECF No. 64.)

## III.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*,

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] KMS asks the Court to either judicially notice or incorporate by reference the contract between Forsla and MLT. (Mot. 7.) However, the Court does not rely on the contract in resolving the Motion and, accordingly, the Court **DENIES AS MOOT** KMS's request.

896 F.2d 1542, 1550 (9th Cir. 1989). In general, courts may not consider matters outside the pleadings on a Rule 12(c) motion without treating it as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Hal Roach*, 896 F.2d at 1550.

When ruling on a motion for judgment on the pleadings, "[a]ll allegations of fact by the party opposing the motion are accepted as true" and construed in the light most favorable to that party. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). "As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). "Similarly, if the defendant raises an affirmative defense in [their] answer it will usually bar judgment on the pleadings." *Id.*

## IV.    DISCUSSION

KMS moves for partial judgment on the pleadings on its replevin cause of action on the basis that MLT raises no material issue of fact and, accordingly, KMS is entitled to judgment as a matter of law. (*See generally* Mot.)

**A.    Propriety of Rule 12(c) Motion**

As a threshold matter, MLT argues that KMS, as a plaintiff, cannot bring a motion for judgment on the pleadings under Rule 12(c). (*See generally* Opp'n.)

To the contrary, a Rule 12(c) motion "may be brought by *any* party." *Sprint Tel. PCS, L.P. v. County of San Diego*, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004) (emphasis in original); *see also Acceptance Cas. Ins. Co. v. MRVK Hospitality Grp.*, No. 1:21-cv-01359-ADA-EPG, 2023 WL 3853798, at *1 (E.D. Cal. June 6, 2023) (granting plaintiff's motion for judgment on the pleadings). Thus, KMS may properly bring its Motion under Rule 12(c).

### B.     Replevin Claim Taken As Conversion Claim

The principal issue raised by this Motion is whether KMS meets its burden of showing that it is entitled to judgment as a matter of law on its replevin cause of action.

However, California law[3] does not recognize a cause of action for replevin. Instead, "[u]nder current California law, the common law form[] of action named replevin . . . [is] addressed by the tort of conversion of tangible personal property." *Foster v. Sexton*, 61 Cal. App. 5th 998, 1020 (2021); *see also BMA LLC v. HDR Glob. Trading Ltd.*, No. 20-cv-03345-WHO, 2021 WL 4061698, at *17 (N.D. Cal. Sep. 7, 2021) ("The . . . 'writ of replevin' claim collapses into the conversion claim."), *appeal filed*, No. 21-16577 (9th Cir. Sept. 27, 2021). Further, a prayer for relief in the form of replevin is equivalent to requesting judgment for the possession or value of personal property pursuant to California Code of Civil Procedure section 667. *See Foster*, 61 Cal. App. 5th at 1020.

Although KMS labels its claim as replevin, the Court is "required to look past the pleading's label and examine its substance." *Id.* (citing *Saunders v. Cariss*, 224 Cal. App. 3d 905, 908 (1990)). In its Complaint, KMS alleges that it has the sole ownership or possessory interest in the Cargo that MLT wrongfully possesses and refuses to return to KMS. (Compl. ¶¶ 11, 17, 21–22.) Moreover, KMS's prayer for relief includes "an award of replevin of the Cargo." (*Id.*, Prayer for Relief ¶ 2.) Based on these allegations and prayer for relief, the Court concludes KMS is pursuing an action for the recovery of specific personal property—the Cargo—and its cause of action is the tort of conversion. Thus, the Court evaluates whether KMS demonstrates that it is entitled to judgment as a matter of law for a conversion cause of action. *See*

---

[3] A federal court sitting in diversity applies the substantive law of the forum state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Court has diversity jurisdiction over this matter. (Compl. ¶ 3; Answer ¶ 3; Resp. Order Show Cause re: Jurisdiction, ECF No. 71.) Thus, the substantive law of California governs this action.

*Foster*, 61 Cal. App. 5th at 1020 (analyzing plaintiff's claim labelled "petition for writ of replevin" as a conversion claim on a motion for judgment on the pleadings).

Under California law, the tort of conversion is the "wrongful exercise of dominion over personal property of another." *Voris v. Lampert*, 7 Cal. 5th 1141, 1150 (2019) (quoting 5 Witkin, Summary of Cal. Law (11th ed. 2017) Torts, § 810, p. 1115). The essential elements of conversion are "(a) plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages." *Id.* In addition, when a defendant lawfully acquires possession of the property with the consent of the owner, demand for its return is a prerequisite to any action by the owner for conversion. *Flennaugh v. Heinrich*, 89 Cal. App. 2d 214, 221 (1948).

Here, KMS fails to establish that it is entitled to judgment as a matter of law on a claim of conversion. To begin with, MLT denies that it "took possession of the Cargo at the Port of Los Angeles and transported it to its Pico Rivera facility." (Compl. ¶ 7; Answer ¶ 7.) MLT also denies KMS's allegation that KMS made repeated demands for MLT to deliver the Cargo or to allow KMS to take possession of the Cargo. (Compl. ¶¶ 11, 17; Answer ¶¶ 11, 17.) Viewing these disputed allegations in the light most favorable to MLT, KMS fails to carry its burden of demonstrating that MLT "dispos[ed] of" the Cargo in a manner inconsistent with KMS's property rights. Because an element of conversion is in dispute, judgment on the pleadings is not appropriate.

Further, MLT's denial that KMS made repeated demands for MLT to deliver the Cargo raises an affirmative defense, barring judgment on the pleadings. *See Seventh-Day Adventist Congregational Church*, 887 F.2d at 230 (holding that answer raising "an affirmative defense . . . will usually bar judgment on the pleadings"); *see also Flennaugh*, 89 Cal. App. 2d at 221 (holding "when the defendant lawfully acquires possession of property with consent of the owner, demand for its possession

is necessary to create a liability for conversion or unlawful withholding of the property").

As a result, the Court finds that KMS is not entitled to judgment as a matter of law on its conversion claim.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** KMS's Motion for Partial Judgment on the Pleadings. (ECF No. 58.)

**IT IS SO ORDERED.**

July 25, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**