UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KMS LLC,<br><br>        Plaintiff,<br>   v.<br><br>MAJOR LEAGUE TRUCKING INC,<br><br>        Defendant | CASE NO. 2:23-cv-01119-TL<br><br>ORDER |
| MAJOR LEAGUE TRUCKING INC,<br><br>        Third-Party Plaintiff,<br>   v.<br><br>FORSLA LLC,<br><br>        Third-Party Defendant | |

     This case is a third-party complaint asserting indemnity claims arising out of an ongoing contract dispute in the Central District of California, Case No. 2:22-cv-06245. This matter comes

- 1

before the Court *sua sponte*, on its review of the record. For the reasons below, the Parties are DIRECTED to brief the issue of subject matter jurisdiction in this matter.

Subject matter jurisdiction, which involves a court's power to hear a case, can never be forfeited or waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even if no party challenges jurisdiction. *Id.* If a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh*, 546 U.S. at 506 (citing Fed. R. Civ. P. 12(h)(3)).

This action was commenced in the Central District of California by Plaintiff KMS LLC against Defendant Major League Trucking Inc. on grounds of diversity jurisdiction. Dkt. No. 1 at 1–2. Major League Trucking, in turn, brought a third-party indemnity claim (and other related claims) against Third-Party Defendant Forsla LLC on grounds of supplemental jurisdiction. Dkt. No. 47 at 2 (third-party complaint). The third-party complaint was transferred to the Western District of Washington on grounds of *forum non conveniens*, pursuant to a forum-selection clause between Major League Trucking and Forsla. Dkt. No.73 at 3, 8. While Forsla, a limited liability company ("LLC"), is alleged to be a company formed and existing under the laws of Washington (*see* Dkt. No. 47 ¶ 2), the citizenship of its members or owners is unknown.

The burden of establishing federal jurisdiction rests upon the party asserting jurisdiction. *E.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, the burden rests on Major League Trucking, who brings the third-party complaint against Forsla.

In order to assure itself that it has subject matter jurisdiction over this matter, the Court must answer at least these questions:

(1) Assuming that the Central District of California properly exercised supplemental jurisdiction over the third-party complaint, *see, e.g.*, *Robert E. Blake Inc. v. Excel*

ORDER - 2

*Env't*, 104 F.3d 1158, 1162 (9th Cir. 1997) (finding supplemental jurisdiction over third-party complaint alleging indemnity claim arising out of same transaction or occurrence as original complaint); *Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089 v. Abaxis, Inc.*, 491 F. Supp. 3d 506, 515–16 (N.D. Cal. 2020) (finding supplemental jurisdiction over defendants' third-party indemnity claims), does supplemental jurisdiction extend to this action now severed and transferred to this District? Or does this now require independent grounds of subject matter jurisdiction between Major League Trucking and Forsla (namely, diversity jurisdiction)?

(2) If independent grounds of subject matter jurisdiction are required, what are the states in which the owners or members of Forsla are citizens?[1] *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *see also* Local Civil Rule 7.1 (requiring LLC party to file corporate disclosure statement identifying members and owners as well as their citizenship in diversity jurisdiction case).

Accordingly, the Court ORDERS the following:

(1) Third-Party Plaintiff Major League Trucking and Third-Party Defendant Forsla are DIRECTED to file a corporate disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.1 within **five (5) days** of this Order. Forsla must include each of its members or owners and their citizenship.

---

[1] Major League Trucking appears to be a citizen of California. *See* Dkt. No. 1 ¶ 2 (identifying Major League Trucking as a California corporation with its primary place of business in Pico Rivera, CA); Dkt. No. 46 ¶ 2 (admitting this information as true).

ORDER - 3

(2)     Major League Trucking is DIRECTED to file an opening brief, no more than **ten (10) pages** in length and within **fourteen (14) days** of this Order, explaining whether and how this Court has subject matter jurisdiction over this matter.

(3)     Forsla MAY file a response brief, no more than **ten (10) pages** in length, within **fourteen (14) days** of the opening brief.

(4)     Major League Trucking MAY file a reply brief that is no more than **five (5) pages** in length within **seven (7) days** of the response brief.

Dated this 16th day of August 2023.

Tana Lin
United States District Judge