UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAJOR LEAGUE TRUCKING, INC., <br><br> Third-Party Plaintiff/ Counter-Defendant, <br><br> v. <br><br> FORSLA LLC, <br><br> Third-Party Defendant/ Counter Claimant. | CASE NO. C23-1119-KKE <br><br> ORDER GRANTING MOTION TO WITHDRAW |

This matter comes before the Court on a motion to withdraw filed by the attorneys representing third-party Plaintiff Major League Trucking, Inc. ("MLT"). Dkt. No. 95. The motion is unopposed by third-party Defendant Forsla LLC. *See* Dkt. No. 96. The Court grants the motion to withdraw effective immediately, as explained at the April 23, 2024 status conference.

### I.  BACKGROUND

KMS LLC, an importer of air conditioning equipment from China, filed a lawsuit in the Central District of California in September 2022, alleging that MLT agreed to transport six ocean shipping containers of KMS cargo from MLT's facility to KMS's facility, but then refused to deliver the cargo. Dkt. No. 1. KMS alleged that this breach of contract caused $973,544.40 in

damages. *Id*. KMS's complaint also lists causes of action for conversion, replevin, and attachment of pre-judgment interest. *Id*.

In September 2022, KMS obtained entry of default against MLT after it failed to appear or otherwise respond to the complaint. *See* Dkt. No. 17. MLT subsequently appeared and moved to set aside the default. Dkt. No. 23. In March 2023, the court granted that motion and found that KMS was entitled to an award of attorney's fees and costs incurred as a result of MLT's default. Dkt. No. 44.

MLT subsequently filed an answer (Dkt. No. 46) and a third-party complaint (Dkt. No. 47) alleging that it had a contract with third-party Defendant Forsla whereby MLT would provide delivery services for Forsla customers. MLT alleged that on certain occasions, Forsla requested that MLT store containers while Forsla awaited delivery instructions, and MLT agreed to do so only if Forsla would pay the per diem charge of the storage facility. Dkt. No. 47. MLT alleged that Forsla requested that MLT store the containers referenced in KMS's complaint while it awaited instructions, but Forsla has refused to pay the per diem charge. *Id*. MLT asserts that Forsla owes it more than $1 million in such charges. *Id*. MLT states that it cannot release the containers to KMS until Forsla pays the per diem fees. *Id*.

In April 2023, Forsla filed a motion to dismiss for improper venue and on the same day, KMS filed a motion for partial judgment on the pleadings. Dkt. Nos. 57, 58. The court denied KMS's motion for partial judgment on the pleadings (Dkt. No. 72), and granted in part/denied in part Forsla's motion to dismiss (Dkt. No. 73), thereby transferring the third-party complaint to the U.S. District Court for the Western District of Washington. The court's transfer order is based on a forum-selection clause in Forsla's contract with MLT. Dkt. No. 73.

ORDER GRANTING MOTION TO WITHDRAW - 2

The case was transferred to this Court on July 27, 2023. Dkt. No. 74. Forsla filed an answer to the third-party complaint and asserted a counterclaim against MLT in November 2023. Dkt. No. 92. MLT filed its answer to the counterclaim in December 2023. Dkt. No. 94.

MLT's attorneys filed a motion to withdraw representation on April 2, 2024, indicating that MLT has stopped communicating with them and has refused to pay its attorney's fees. Dkt. No. 95. Forsla filed a response to the motion to withdraw, indicating that it did not oppose the motion but requested a hearing with the Court before the motion is granted. Dkt. No. 96.

## II.     ANALYSIS

Business entities other than sole proprietorships must be represented by counsel and cannot proceed *pro se*. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also* 28 U.S.C. § 1654; Local Rules W.D. Wash. LCR 83.2(b)(4). If a business entity lacks counsel, it must be dismissed from the action. *See Omni Innovations, LLC v. Ascentive, LLC*, No. C06-1284-JCC, 2008 WL 11506654, at *1 (W.D. Wash. Apr. 30, 2008) (dismissing action that left an unrepresented business entity as the sole plaintiff).

In this district, if the attorney for a business entity other than a sole proprietorship seeks to withdraw, the attorney must

> certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

LCR 83.2(b)(4).

In this case, MLT's attorneys have provided the required certification. *See* Dkt. No. 95-2 ¶ 6 (citing Dkt. No. 95-2 at 5). The attorneys also stated that they believe "new counsel can easily substitute in this matter and be prepared for a September 30, 2024 trial date." *Id*. ¶ 7. Discovery is set to be completed by May 3, and dispositive motions must be filed by June 3. Dkt. No. 91.

ORDER GRANTING MOTION TO WITHDRAW - 3

Thus, the Court will grant the unopposed motion to withdraw effective immediately. If MLT intends to continue prosecuting this case, MLT must obtain substitute counsel no later than May 7, 2024.

### III.   CONCLUSION

The motion to withdraw representation (Dkt. No. 95) is GRANTED. MLT's former attorneys are directed to mail and email copies of this order to MLT and to file proof of service on the docket.

As MLT is now an unrepresented business entity, MLT is ORDERED TO SHOW CAUSE no later than May 7, 2024, why its pleadings should not be stricken for failure to prosecute.

The clerk is directed to mail copies of this order via U.S. Mail to MLT at: (1) 9828 San Carlos Ave., Apt. #A, South Gate, CA 90280; and (2) P.O. Box 121, Pico Rivera, CA 90660.

Dated this 23rd day of April, 2024.

Kymberly K. Evanson
United States District Judge