UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAJOR LEAGUE TRUCKING, INC., | CASE NO. C23-1119-KKE |
| Third-Party Plaintiff/ Counter-Defendant, | ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT |
| v. | |
| FORSLA LLC, | |
| Third-Party Defendant/ Counter Claimant. | |

The Court entered an order of default as to Counter-Defendant Major League Trucking, Inc. ("MLT") on May 17, 2024. Dkt. No. 104. Counter Claimant Forsla LLC has now moved for entry of default judgment against MLT. Dkt. No. 106. Because Forsla has shown that it is entitled to default judgment on its claim against MLT, the Court will grant Forsla's motion and award Forsla most of the amounts it has requested, with a minor reduction in attorney's fees.

## I.    BACKGROUND

KMS LLC, an importer of air conditioning equipment from China, filed a lawsuit in the U.S. District Court for the Central District of California in September 2022, alleging that MLT agreed to transport six ocean shipping containers of KMS cargo from MLT's facility to KMS's facility, but then refused to deliver the cargo. Dkt. No. 1 ¶¶ 6, 11. KMS alleged that this breach

1   of contract caused $973,544.40 in damages.  *Id.* ¶ 14.  KMS's complaint also lists causes of action

2   for conversion, replevin, and attachment of pre-judgment interest.  *Id.* ¶¶ 16–27.

3        In September 2022, default was entered against MLT after it failed to appear or otherwise

4   respond to the complaint.  *See* Dkt. No. 17.  MLT subsequently appeared and moved to set aside

5   the default.  Dkt. No. 23.  In March 2023, the court granted that motion on the condition that MLT

6   reimburse KMS for its attorney's fees and costs incurred as a result of MLT's default.  Dkt. No.

7   44.

8        MLT subsequently filed an answer (Dkt. No. 46) and a third-party complaint (Dkt. No. 47),

9   alleging that it had a contract with third-party Defendant Forsla whereby MLT would provide

10   delivery services for Forsla customers.  MLT alleged that on certain occasions, Forsla requested

11   that MLT store containers while Forsla awaited delivery instructions, and that MLT agreed to do

12   so only if Forsla would pay the storage facility's per diem fee.  Dkt. No. 47 ¶ 9.  MLT alleged that

13   Forsla requested that MLT store the containers referenced in KMS's complaint while it awaited

14   instructions, but that Forsla has refused to pay the per diem fee.  *Id.* ¶¶ 13–17.  MLT asserts that

15   Forsla owes it more than $1 million in such charges.  *Id.* ¶ 31.  MLT states that it cannot release

16   the containers to KMS until Forsla pays the per diem fees.  *Id.* ¶ 14.

17        In April 2023, Forsla filed a motion to dismiss for improper venue and on the same day,

18   KMS filed a motion for partial judgment on the pleadings.  Dkt. Nos. 57, 58.  The court denied

19   KMS's motion for partial judgment on the pleadings (Dkt. No. 72), and granted in part/denied in

20   part Forsla's motion to dismiss, thereby transferring the third-party complaint to the U.S. District

21   Court for the Western District of Washington based on a forum-selection clause in Forsla's

22   contract with MLT.  Dkt. No. 73.

23        The case was transferred to this Court on July 27, 2023.  Dkt. No. 74.  Forsla filed an

24   answer to the third-party complaint and asserted a counterclaim against MLT in November 2023,

alleging that MLT overcharged Forsla for transportation and storage of cargo.  Dkt. No. 92.  MLT filed its answer to the counterclaim in December 2023.  Dkt. No. 94.

In April 2024, MLT's attorneys filed a motion to withdraw representation, indicating that MLT had stopped communicating with them and has refused to pay its attorney's fees.  Dkt. No. 95.  The Court granted the motion to withdraw and instructed MLT, as an unrepresented business entity, to obtain representation no later than May 7, 2024.  Dkt. No. 99.  MLT did not obtain representation, and the Court entered an order in May 2024 striking MLT's third-party complaint for failure to prosecute.  Dkt. No. 102.  The clerk thereafter entered default against MLT (Dkt. No. 104), and Forsla's motion for default judgment against MLT is now ripe for resolution.  Dkt. No. 106.

## II.      ANALYSIS

### A.      Jurisdiction

Before entering default judgment, a court must confirm that it has both subject matter and personal jurisdiction.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

Here, the Court has both diversity jurisdiction under 28 U.S.C. § 1332 and original jurisdiction under 28 U.S.C. § 1337 because the cargo at issue was in interstate transportation.  *See* Dkt. Nos. 84, 85.

The Court also has personal jurisdiction over MLT by virtue of its carrier agreement with Forsla, a Washington company, which provides that any legal actions arising under the contract will be governed by Washington law and resolved in the courts of Seattle, Washington.  *See* Dkt. No. 73 (Central District of California order transferring MLT's third-party complaint to this district); Dkt. No. 107-1 at 12 (carrier agreement).

**B.      Legal Standards**

A court's decision to enter a default judgment is discretionary.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Default judgment is "ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible."  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  In considering a motion for default judgment, the court takes "the well-pleaded factual allegations" in the pleadings "as true[,]" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

When considering whether to exercise its discretion to enter a default judgment, courts may consider various factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.  "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors."  *Fed. Nat'l Mortg. Ass'n v. George*, No. EDCV 14-01679-VAP (SPx), 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015).

This district also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought."  Local Rules W.D. Wash. LCR 55(b)(2).  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

**C.      Forsla is Entitled to Default Judgment Against MLT.**

The Court now turns to apply the *Eitel* factors to this case, and finds that they support entry of default judgment against MLT on Forsla's counterclaim.

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 4

The first factor—prejudice to Forsla—supports entry of default judgment because Forsla would suffer prejudice if default judgment were denied.  Because MLT has failed to defend, Forsla would "be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery" if default judgment were not entered.  *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

"The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together."  *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014).  Forsla's counterclaim alleges that MLT invoiced Forsla $64,485.68 more than MLT was entitled to invoice for rental and use of cargo chassis, and that Forsla paid MLT that amount; and that MLT invoiced Forsla $61,000 more than MLT was entitled to invoice for storage charges, and that Forsla paid MLT that amount.  *See* Dkt. No. 92 at 7. Forsla's counterclaim also alleges that, as provided in the carrier agreement between Forsla and MLT, Forsla is entitled to recover its attorney's fees and costs incurred as a result of MLT's misconduct.  *Id.* (referencing Dkt. No. 107-1 at 12).  Forsla has adequately supported these allegations with copies of the invoices in question, as well as an accounting of the amounts overcharged to Forsla by MLT.  *See* Dkt. No. 107-2, 107-3, 107-4.  Forsla has likewise submitted a spreadsheet detailing the hours expended by its attorneys and invoices for litigation costs to support its request for fees and costs.  *See* Dkt. Nos. 108-1, 108-2.  Because Forsla's allegations are assumed to be true for purposes of resolving this motion, and Forsla's counterclaim and documentation sufficiently allege and support its request for relief, the Court finds that the second and third *Eitel* factors support entry of default judgment.

The fourth *Eitel* factor is the sum of money at stake, and in this action, Forsla seeks an award totaling $184,462.73.  *See* Dkt. No. 106-1.  Forsla acknowledges that this amount is "relatively high," but contends that it is nonetheless "directly proportional to the harm alleged in

the counterclaim[,]" namely the overcharged amounts for transportation and storage of cargo, and the interest, fees, and costs allowable under Washington law and the agreement between the parties.  Dkt. No. 106 at 6 (citing *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010) (explaining that this *Eitel* factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct")).  Because, as explained earlier, Forsla has traced the amounts it seeks to specific invoices and its accounting spreadsheet identifies the overcharged amounts, the fourth *Eitel* factor supports entry of default judgment.

The fifth *Eitel* factor—the possibility of dispute over material facts—also favors entry of default judgment.  Generally, after "default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis*, 33 F. Supp. 3d at 1212.

The sixth *Eitel* factor—whether default is due to excusable neglect—favors entering default judgment because MLT has failed to defend in this action by failing to obtain counsel, despite having ample opportunity to do so.  *See* Dkt. Nos. 99, 102 (the Court's order to show cause why MLT's pleadings should not be stricken for failure to prosecute, and the Court's order finding that MLT failed to respond to the order to show cause).

The seventh *Eitel* factor—the policy favoring resolution of disputes via contested litigation—weighs against entry of default judgment.  This factor is outweighed by the other factors, however, and default judgment is not precluded based on this policy.  *See Empl. Painters' Trust v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591, at *4 (W.D. Wash. July 6, 2020) (finding "that in instances where a defendant's failure to appear makes a decision on the merits 'impractical, if not impossible,' any preference for deciding cases on the merits 'does

not preclude a court from granting default judgment.'" (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002))).

Because the *Eitel* factors on balance favor entry of default judgment, the Court will grant Forsla's motion.

**D.     Most of the Amounts Sought by Forsla are Reasonable and Appropriate, Although the Attorney's Fees Requested for Associate Attorneys are Unreasonably High.**

As explained above, Forsla has adequately supported its requests for $125,495.98 in principal damages via invoices and accounting spreadsheets. *See* Dkt. Nos. 107-2, 107-3, 107-4. Forsla also adequately supported its request for costs ($7.62) via invoices. *See* Dkt. No. 108-2.

Forsla did not fully support its request for attorney's fees ($50,346.50), however.  To determine the total amount of fees requested (Dkt. No. 108 ¶ 3), Forsla used the "lodestar" method, which involves multiplying the number of hours reasonably expended on the claim or motion by a reasonable hourly rate.  *See, e.g.*, *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).  The Court is satisfied, based on a review of the timesheets provided, that the hours expended were reasonable.  *See* Dkt. No. 108-1.  The Court, however, finds that the hourly rates billed by Forsla's associate attorneys appear to be above market rate.  Although one of Forsla's attorneys (a shareholder with 31 years of experience practicing transportation and logistics law) billed $560/hour, the billing rates for three associate attorneys with an undisclosed number of years (between $435/hour and $530/hour) are relatively close to the shareholder's rate.  *See* Dkt. No. 108 ¶¶ 2–3.  Forsla submitted no evidence to support its contention that the associate rates are consistent with market rates in this district, and the Court is aware of authority suggesting that the associate attorneys' rates are unreasonably high.  *See, e.g.*, *Dermer v. SaltWorks, Inc.*, C23-0443-JCC, 2024 WL 895128, at *2 (W.D. Wash. Mar. 1, 2024) (finding that the hourly rate for an associate should be adjusted down from $350 to $300, because $350 is not the market rate for

attorneys with comparable experience); *Little v. Edward Wolff & Assocs. LLC*, No. 2:21-cv-00227-LK, 2023 WL 6196863, at *7 (W.D. Wash. Sep. 22, 2023) (finding $425 to be a reasonable hourly rate for a managing associate attorney with multiple years of experience and extensive training in the relevant area of law, even though this rate was "slightly above rates deemed reasonable in similar contexts in this district").

Because the Court is not persuaded that the rates billed by Forsla's associate attorneys are reasonable within the relevant market, and Forsla has not submitted any evidence to support its assertion of reasonableness or to explain why each associate's billing rate was unique, the Court finds that a reduction of the associates' rates to $350/hour is appropriate. *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) (explaining that a reasonable hourly rate is the "prevailing market rate" in the community for similar services by a lawyer of reasonably comparable skill, experience, and reputation). This reduction results in an overall fee award of $46,627.00: $10,955.00 for the associates, and $35,672.00 for the shareholder.

**E.  Forsla Is Entitled to Pre- and Post-Judgment Interest.**

In Washington, pre-judgment interest is available when an amount claimed is "liquidated," meaning that it is "possible to compute the amount with exactness, without reliance on opinion or discretion." *Prier v. Refrigeration Eng'g Co.*, 442 P.2d 621, 626 (Wash. 1968). Here, Forsla's claim is liquidated because the amount overcharged by MLT is documented via invoices and an accounting spreadsheet. The Court therefore finds that Forsla is entitled to an award of pre-judgment interest. Forsla requests that the Court set the pre-judgment interest rate at 12% per annum (Dkt. No. 106 at 9–10), and the Court finds no reason to depart from the statutory rate here. *See* WASH. REV. CODE § 19.52.010. The Court will therefore award $11,551.59 in pre-judgment interest, calculated from the date that Forsla's counterclaim was filed through the date of this judgment. *See Pub. Util. Dist. No. 2 of Pac. Cnty. v. Comcast of Wash. IV, Inc.*, 336 P.3d 65, 91

(Wash. Ct. App. 2014) ("Prejudgment interest compensates a plaintiff for the 'use value' of damages incurred from the time of the loss until the date of judgment." (quoting *Humphrey Indus., Ltd. v. Clay Street Assocs., LLC*, 295 P.3d 231, 236 (Wash. 2013)).

Forsla is also entitled to an award of post-judgment interest, as required under 28 U.S.C. § 1961.  *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995).

### III.    CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Forsla's motion for entry of default judgment.  Dkt. No. 106.

Forsla is entitled to $125,485.98 in principal damages, $11,551.59 in pre-judgment interest, $46,627.00 in attorney's fees, and $7.82 in costs.  Forsla is also entitled to post-judgment interest under 28 U.S.C. § 1961.

Dated this 5th day of September, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 9